**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


UNITED STATES OF AMERICA

-vs-                                                    Case No.  8:04-CR-438-T-30TBM

AURELIO YESKUEN,

     Defendant.
_____/

## <u>ORDER</u>

Before the Court is Defendant's Place Holder Motion Challenging Subject Matter Jurisdiction Pursuant to Title 28 U.S.C. § 1331 (Dkt. 251).  Having found that Defendant did not have a motion for collateral relief pending, the Court entered on January 11, 2006, denying Defendant's Emergency Motion for an Extension of Time to File Supportive Memorandum of Law Via § 2255 (Dkt. 250).  Defendant now seeks a sixty (60) day extension of time in which to "perfect and submit the pleadings" in support of his assertion that his incarceration is illegal (Dkt. 251 ¶ 6).

Following his guilty plea to two drug-related charges, Defendant was sentenced on March 3, 2005 (Dkt. 126). Judgment was entered on March 4, 2005 (Dkt. 133). Defendant failed to file a direct appeal.

Because Defendant is a "prisoner in custody under sentence of a court established by Act of Congress," a § 2255 motion is the proper means for Defendant to challenge the legality of his conviction. 28 U.S.C. § 2255. *See also Sawyer v. Holder*, 326 F.3d 1363, 1365  n. 3 (11th Cir. 2003).  The Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") established a mandatory one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(1)-(4).  In the present case, since Defendant did not file a direct appeal, the limitation period commenced to run on March 14, 2005. To be considered timely, Defendant's § 2255 motion must be filed on or before March 14, 2006.

Defendant filed the instant motion "to stop the clock" on the one-year limitation period applicable to requests for relief under § 2255. Defendant contends that the limitation period commenced to run when the Supreme Court entered its decision in *United States v. Booker* on January 12, 2005.  543 U.S. 220, 125 S.Ct. 738, 756 (2005) (finding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"). A favorable decision on Defendant's argument that the Court should look to *Booker* as a starting point for his one-year limitation period would clearly work to his detriment since that decision issued <u>before</u> Defendant's judgment of conviction was entered.

The Court finds the other bases Defendant asserts for his request for an enlargement of time unpersuasive. Defendant's statement that "the controversy is premised

on a bill of attainder, bill of pains and penalties and separation of powers violations in the instant case that make the judgment void and incarceration illegal" is likewise unavailing to his cause.  Mere conclusions of law devoid of any factual support fail to provide a basis for extending a statutorily imposed limitation period.

Defendant's one-year limitation period will expire on **March 14, 2006.**  Defendant should conduct himself accordingly.

ACCORDINGLY, the Court **ORDERS** that Defendant's Place Holder Motion Challenging Subject Matter Jurisdiction Pursuant to Title 28 U.S.C. § 1331 (Dkt. 251) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on February 8, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh

Copy furnished to:
*Pro Se* Defendant

-3-